IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MARK HOFFMAN and
DIANE HOFFMAN,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

Case No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against Defendant for violations of the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. This Court has supplemental jurisdiction over Plaintiffs' related state law FCCPA claims pursuant to 28 U.S.C. § 1367.

4. Plaintiffs MARK HOFFMAN (Mark) and DIANE HOFFMAN (Diane) (collectively, the Hoffmans) are individuals and residents of this State and are authorized by law to bring this action.

5. Defendant NATIONSTAR MORTGAGE, LLC (Nationstar) is a limited liability company organized under the laws of the State of Delaware with its principal place of

business in the State of Texas located at 350 Highland Drive, Lewisville, Texas 75067.

6. Nationstar conducts business in the State of Florida.

7. Nationstar committed a tortious injury against Plaintiffs in the State of Florida.

8. Nationstar is subject to the jurisdiction and venue of this Court.

9. Nationstar may be served by personal service upon its registered agent in the State of Florida: Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

10. Alternatively, Nationstar may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Texas: 350 Highland Drive, Lewisville, Texas 75067.

11. Alternatively, Nationstar may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Florida.

## FACTUAL ALLEGATIONS

12. Nationstar uses the mails in its business.

13. Nationstar uses telephone communications in its business.

14. Nationstar's principal business purpose is the collection of debts.

15. Nationstar regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

16. Nationstar is a mortgage loan servicer and began servicing Plaintiffs' mortgage after the alleged date of default.

17. Nationstar is a debt collector subject to provisions of the FDCPA.

18. Nationstar is a creditor, debt collector, and person subject to the provisions of the FCCPA.

19. The debt collected by Nationstar is a mortgage loan initiated by Plaintiffs for their personal residence and family purposes.

20. In attempting to collect a debt allegedly due from Plaintiffs to a business not a party to this litigation, Nationstar communicated with the Hoffmans, Florida residents, in a manner that violates the FDCPA.

21. In or around May and June 2013, Nationstar, by and through its agent, began placing telephone calls to Plaintiffs multiple times each day.

22. When initiating calls to Plaintiffs, Nationstar would initiate a first call followed moments later by a second call.

23. Nationstar would engage in this two-call practice multiple times each day, resulting in four or more calls to the Hoffmans each day.

24. In placing calls to Plaintiffs, Nationstar called with such frequency that the Hoffmans were harassed, annoyed, and stressed by the calls.

25. In addition to incessantly calling the Hoffmans, Nationstar sent a written communication to the Hoffmans dated June 4, 2013.

26. Nationstar's written communication demanded payment of $21,614.08 from the Hoffmans, an amount known by Nationstar to be inaccurate because it fails to account for payments made by the Hoffmans to the prior loan servicer and Freddie Mac, the owner of the mortgage loan.

27. At the time of placing these calls and sending the written communication, Nationstar knew the Hoffmans were represented by Henry W. Hicks, P.A. concerning this loan transaction and Nationstar knew the name and address of the Hoffmans' attorneys.

28. Nationstar never made any efforts to contact the Hoffmans' attorneys.

29. Nationstar's acts were knowing and intentional.

30. As a result of Nationstar's actions, the Hoffmans have suffered damages. Their damages include, but are not limited to, emotional and physical stress resulting from Nationstar's harassment and wrongful claim for monies not owed by the Hoffmans, and other actual damages in an amount to be proven at trial.

31. The Hoffmans will incur costs for filing and serving this action.

32. The Hoffmans have retained counsel and agreed to pay a reasonable fee for services.

33. The Hoffmans are entitled to recover the costs and reasonable attorneys' fees incurred in this action.

34. Plaintiffs have complied with all conditions precedent to bringing this action.

## COUNT I
### VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.

35. Plaintiffs re-allege and incorporate herein Paragraphs 1-34 above.

36. Nationstar's acts constitute intentional violations of the FDCPA.

37. Nationstar's violations of the FDCPA include, but are not limited to, the following:

   a. Communicating with a consumer in connection with the collection of a debt when the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a

reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer, in violation of 15 U.S.C. § 1692c(a)(2);

b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

c. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number, in violation of 15 U.S.C § 1692d(4);

d. Falsely representing the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A); and

e. Collection of an amount not authorized by the agreement or by law, in violation of 15 U.S.C. § 1692f(1).

38. As a direct and proximate result of Nationstar's actions, Plaintiffs suffered damages and are entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

39. WHEREFORE, Plaintiffs respectfully demand the following relief:

a. That this Court enter judgment against the Defendant for violations of the FDCPA;

b. That this Court award the maximum statutory damages of $1,000.00, actual damages in an amount proven at trial, and Plaintiffs' reasonable costs and attorney fees, as permitted under 15 U.S.C. § 1692k(a); and

c. That this Court award such other and further relief as is just and proper.

## COUNT II
### VIOLATION OF THE FCCPA, FLA. STAT. §§ 559.55 ET. SEQ.

40. Plaintiffs re-allege and incorporate herein Paragraphs 1-34 above.

41. Nationstar's acts constitute intentional violations of the FCCPA.

42. Nationstar's violations of the FCCPA include, but are not limited to, the following:

   a. Willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of Fla. Stat. § 559.72(7);

   b. Claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. § 559.72(9);

   c. Communicating with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication, in violation of Fla. Stat. § 559.72(18).

43. As a direct and proximate result of Nationstar's violations of the FCCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, the maximum allowable statutory damages, attorney's fees, and costs.

44. WHEREFORE, Plaintiffs respectfully demand the following relief:

   a. That this Court enter judgment against the Defendant for violations of the FCCPA;

   b. That this Court award the maximum statutory damages of $1,000.00, actual damages in an amount proven at trial, and Plaintiffs' reasonable costs and attorney fees, as permitted under Fla. Stat. § 559.77; and

   c. That this Court award such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully submitted,

HENRY W. HICKS, P.A.

/s/ Adam J. Knight
Adam J. Knight, Esq.
Florida Bar No. 69400
601 South Fremont Avenue
Tampa, Florida 33606
Tele. 813.876.3113
Fax. 813.871.9202
aknight@henryhickslaw.com
*Attorneys for the Hoffmans*